914 F.2d 247
 17 Fed.R.Serv.3d 1075
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
ATTORNEY GENERAL OF THE STATE OF MARYLAND, State of
Maryland, Plaintiffs-Appellees,
v.
Walter Robert DICKSON, Defendant-Appellant,
and
Douglas Craig Dickson, Haynes Lee Locklear, individually,
and d/b/a Riggs Motors, Carl R. Wells,
individually, and d/b/a S & W Auto
Sales, Marcus Garvey Guy, Defendants.
 No. 89-2828.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 30, 1990.
Decided Sept. 20, 1990.
Rehearing Denied Oct. 12, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Paul V. Niemeyer, District Judge. (C/A No. 86-1128-PN)
 Walter Robert Dickson, appellant pro se.
 Peter Vernon Berns, John Hunt Nethercut, Office of the Attorney General of Maryland, Baltimore, Md., for appellees.
 D.Md.
 717 F.Supp. 1090.
 DISMISSED
 Before CHAPMAN and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Walter Robert Dickson appeals the district court's grant of partial summary judgment. Attorney General of Maryland v. Dickson, 717 F.Supp. 1090 (D.Md.1989). The Attorney General of Maryland filed suit against Walter Dickson, Haynes Lee Locklear, and others alleging that from December 1981 to July 1985, the defendants were involved in a scheme to roll back the odometers on over 300 used automobiles and then misrepresent the true mileage to consumers.
 
 
 2
 The district court granted partial summary judgment for the state and against defendants Walter Dickson and Locklear on the issue of liability. Next, the district court entered summary judgment against Dickson and Locklear on Counts I and II. Count I alleges that the defendants violated 15 U.S.C. Sec. 1984.* Count II alleges that the defendants participated in a conspiracy to violate 15 U.S.C. Sec. 1984 in violation of 15 U.S.C. Sec. 1986. The district court ordered relief, as provided in 15 U.S.C. Sec. 1989(a), of $1500 per altered automobile. The remaining issues to be tried are the plaintiffs' claims, under federal law, for vehicles not titled in Maryland, claims under Maryland law for five vehicles titled after April 9, 1985, in states other than Maryland, and claims for restitution under Maryland law. All of these claims are against only Walter Dickson.
 
 
 3
 The court certified the judgment on Counts I and II under Fed.R.Civ.P. 54(b) finding that "[b]ecause there can be no further or different damages awarded against Locklear and Dickson under Counts I and II, the Court finds no just reason for delaying entry of judgment on those counts...." The clerk was then ordered to enter judgment on these counts.
 
 
 4
 We find that the district court abused its discretion when it certified the appeal pursuant to Rule 54(b). There is a strong federal policy against piecemeal review and there are no significant countervailing exigencies in this case that would warrant deviating from the general rule that appellate courts consider cases only when all claims against all parties are finally adjudicated. In this case, the relationship between the adjudicated and unadjudicated claims is so close that this Court would review many, if not most, of the same facts now that it would be forced to consider again following appeal of a decision on the unadjudicated claims. See Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 10-11 (1980); Para-Chem Southern, Inc. v. M. Lowenstein Corp., 715 F.2d 128, 132-33 (4th Cir.1983).
 
 
 5
 Accordingly, we dismiss this appeal. We dispense with oral argument because the facts and legal issues are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 DISMISSED.
 
 
 
 *
 Title 15 U.S.C. Sec. 1984 provides: "Change of mileage indicated on odometer prohibited. No person shall disconnect, reset, or alter or cause to be disconnected, reset, or altered, the odometer of any motor vehicle with intent to change the number of miles indicated thereon."